NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2328
_____

YAN QIN; HONG YAO,
                    Appellants

v.

STATE FARM FIRE AND CASUALTY COMPANY;
FIRST AMERICAN TITLE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-02873)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 5, 2024

Before:  SHWARTZ, MATEY, and McKEE, *Circuit Judges*

(Opinion filed: January 9, 2025)

_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Appellants Yan Qin and Hong Yao seek to revive their lawsuit against Appellee State Farm Fire and Casualty Company. On December 13, 2022, the District Court granted State Farm's motion to dismiss but permitted Appellants to file an amended complaint within fourteen days. On February 2, 2023, well after the expiration of the deadline to amend, the District Court dismissed the case with prejudice ("Dismissal Order") because Appellants failed to file an amended complaint. Months later, on May 22, 2023, Appellants filed a motion to vacate the District Court's Dismissal Order,[1] which the District Court denied. We will affirm the District Court's order denying Appellants' motion to vacate.[2]

---

[1] Although Appellants' motion sought to vacate the Dismissal Order, they did not specify their authority for such relief. "[L]ook[ing] to the purpose the motion attempts to achieve[,] . . . [it] can properly be characterized" as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers, Local 610*, 900 F.2d 608, 615 (3d Cir. 1990).

[2] State Farm argues that we lack jurisdiction over this appeal because although "Appellants style their appeal as one from the Order of June 29, 2023[,] . . . [t]he appeal actually concerns . . . the Order dismissing Appellants' case with prejudice, dated February 2, 2023 . . . , making the instant appeal long overdue." Answering Br. 5. Under Federal Rule of Appellate Procedure 4, Appellants had "30 days after entry of the judgment or order appealed from" to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). A limited exception to the 30-day appeal window applies when a party in the district court files a motion "for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59." *Id.* at 4(a)(4)(A)(vi). A motion is timely under Federal Rule of Civil Procedure 59 if it is filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Accordingly, if a Rule 60 motion is filed within the 28-day window, then "the time to file an appeal runs for all parties from the entry of the order disposing of" the Rule 60 motion. Fed. R. App. P. 4(a)(4)(A). State Farm is correct that Appellants did not file their Rule 60 motion within the 28-day window, and we therefore lack jurisdiction to review the Dismissal Order. Despite this, under 28 U.S.C. § 1291, we still have jurisdiction over Appellants' timely appeal of the District Court's

2

We review Appellants' motion to vacate pursuant to Federal Rule of Civil Procedure 60(b) for abuse of discretion.[3] Rule 60(b) permits a court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "The test for 'excusable neglect' is equitable, and requires us to weigh the 'totality of the circumstances.'"[4] In doing so, "we consider 1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith."[5]

Appellants contend that the District Court erred by denying their motion to vacate because their failure to file an amended complaint was inadvertent and due to the mistaken filing of an Amended Complaint in a newly opened second action. On January 9, 2023, Appellants accidentally filed the Amended Complaint as a new action (the "Second Action"), which was assigned to a different judge. But somehow they did not discover this mistake until May 2023, purportedly due to "a combination of personnel changes."[6]

order denying the motion to vacate. *See Baker v. United States*, 670 F.3d 448, 462 (3d Cir. 2012) ("Although we do not have jurisdiction over the Dismissal Order, we do have jurisdiction over the District Court's orders denying Baker's motions for reconsideration because Baker filed a timely notice of appeal as to those orders.").

[3] *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002).

[4] *Nara v. Frank*, 488 F.3d 187, 193–94 (3d Cir. 2007) (quoting *Welch & Forbes, Inc. v. Cendant Corp.*, 234 F.3d 166, 171 (3d Cir. 2000)).

[5] *Id.* at 194.

[6] Opening Br. 3.

The record reveals, however, that Appellants failed to discover their mistake in a timely fashion as a result of their own negligence.[7] Between January and May 2023, Appellants received many signs that should have alerted them to their filing mistake. In this action, the District Court's entry of the Dismissal Order on February 23, 2023 for failure to file an amended complaint should have been more than sufficient to notify Appellants that the Court had not received their Amended Complaint. Additionally, in the Second Action, there were ample indications to Appellants that they had made a mistake, including their receipt of a new docket number, payment of a $402 docketing fee, and receipt of a court order to serve the new complaint. "There is no evidence [Appellants] acted in bad faith. Nevertheless, [Appellants'] overall negligence in handling the matter precludes us from finding 'excusable neglect.'"[8] After considering the totality of circumstances, we will affirm the District Court's order because we conclude that the District Court did not abuse its discretion by denying Appellants' motion to vacate.

---

[7] Appellants also did not file the Amended Complaint in a timely fashion. We recognize that even if Appellants had filed the Amended Complaint in this action on January 9, 2023, it still would have been filed almost two weeks past the District Court's deadline to amend.

[8] *Nara*, 488 F.3d at 194.